UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| TORRANCE LAMONT MUMPHREY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:10CV53 AGF |
| ) | |
| UNKNOWN WILT, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 1007634), an inmate at Ozark Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $15.72. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $78.59, and an average monthly balance of $4.22. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $15.72, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is

undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: Unknown Wilt (Detective, Hannibal Police Dept.); Alex Grote (Corporal, Hannibal Police Dept.); and Tom Redington (Prosecuting Attorney). Plaintiff has filed a motion to add five additional defendants, including: Jame Hark (Captain, Hannibal Police Dept.); Jeff LaGarce (City Manager); LyDale Davis (Chief, Hannibal Police Dept.); Hannibal Police Department; and City of Hannibal. Plaintiff's motion to add these additional defendants will be granted.

In his complaint for monetary damages, plaintiff alleges that defendants Wilt and Grote entered his property, without probable cause, and "obtained three bags of trash." Plaintiff asserts that the alleged illegally obtained trash from his property was improperly used by defendant Redington to request a search warrant. Plaintiff claims that Redington acted unlawfully in requesting the warrant, knowing that the evidence supporting the warrant was obtained illegally. Plaintiff further asserts that defendants Wilt and Grote "falsified official police documents" relating to their statements about the purportedly unlawful seizure. Plaintiff asserts that he complained about Wilt and Grote's conduct to defendant Davis, who assigned defendant Hark to review plaintiff's complaint. Plaintiff disagrees with Hark's

finding, which was adopted by Davis, indicating that defendants Wilt and Grote acted lawfully. Plaintiff states that he appealed Davis' decision to the City Manager's Office, but defendant LaGarce also found no improper actions by defendants.

## Discussion

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendants Hark, LaGarce, and/or Davis were directly involved in or personally responsible for the alleged violations of his constitutional rights - namely the alleged unlawful search and seizure purportedly effectuated by defendants Wilt and Grote. Rather, plaintiff's only complaint against these individuals is that they disagreed with his assertions that he had been treated unlawfully by defendants Wilt and Grote. This allegation fails to state a claim under § 1983 as it does not allege a violation of a federal law or constitutional right. See Parratt v. Taylor, 451 U.S. 527, 535 (1981) (noting that

in order to establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) the action occurred "under color of law" and (2) the action is a deprivation of a constitutional right or a federal statutory right); Guthrie v. Franklin County, Nos. 4:07CV2108 CEJ, 4:07CV2109 ERW, 2008 WL 815733 at *4 (E.D.Mo. Mar. 24, 2008) (holding that plaintiffs had failed to establish a prima facie case under § 1983 because plaintiffs' broad allegation that county officials failed to address plaintiff's concerns by not responding to complaint letters did not "show a deprivation of a constitutional or federal statutory right"). As a result, plaintiff's assertions against defendants Hark, LaGarce and Davis fail to state a claim upon which relief can be granted.

Moreover, plaintiff cannot sustain a claim against the City of Hannibal or the Hannibal Police Department. The Police Department is not a suable entity. See, e.g., Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."); Catlett v. Jefferson County, 299 F. Supp. 2d 967, 968-69 (E.D. Mo. 2004). And plaintiff has not made a policy or custom claim against the City of Hannibal. See Grayson v. Ross, 454 F.3d 802. 811 (8th Cir. 2006) (quoting Monell v. Dep't Of Soc. Serv. of City of New York, 436 U.S. 658, 690-91 (1978)) (internal quotations omitted); Tilson v. Forest City Police Dept., 28 F.3d 803, 807 (8th Cir. 1994).

Similarly, plaintiff's allegations against defendant Redington are legally frivolous because, where "the prosecutor is acting as advocate for the state in a criminal prosecution, [] the prosecutor is entitled to absolute immunity." Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996).

Lastly, the Court notes that the allegations against all of the individual defendants, including defendants Wilt and Grote, are subject to dismissal for yet another reason. The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). See also King v. Tyler, No. 4:08-CV-14180-DJS, 2008 WL 4559686, at *2 (E.D.Mo. Oct. 8, 2008).

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the municipality is responsible for the alleged constitutional violation. Monell, 436 U.S. at 690-91. The instant complaint does not contain any allegations that a policy or custom of a municipality was responsible for the alleged

violations of plaintiff's constitutional rights.  As a result, the complaint fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $15.72 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to add parties [Doc. #4] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 22nd day of October, 2010.

                                                  */s/ Audrey G. Fleissig*
                                                  AUDREY G. FLEISSIG
                                                  UNITED STATES DISTRICT JUDGE